This bill is to restrain a union labor strike. The complainant is a hat manufacturer. Its factory is divided into three shops — making, finishing and trimming, each employing about twenty-five hands. Finding that the making shop was unprofitable, and that hat bodies could be bought cheaper, the complainant shut it down and discharged the hat makers. Thereupon the finishers quit work. The complainant charges that they struck to compel it to re-establish the making shop. The defendants, finishers, say they quit — struck — because their fellow-unionists were thrown out of work, and because they do not regard it to the interest of union labor to work for an employer who has a making shop and refuses to operate it, and that the policy of the union in this respect is expressed by its by-laws that "no manufacturer shall be allowed the union label who has a plank [making] shop and buys his hats in the rough, unless the plank shop is running at full capacity." That they had the right to, singly or in concert, refuse to work, out of sympathy for their fellow-employes, or because they regarded it as not of advantage to organized labor to work for this complainant under the circumstances, or for no explained reason at all, is beyond question. New Jersey PaintingCo. v. Local No. 26, 96 N.J. Eq. 632, where many of the leading cases are cited. See, also, Maisel v. Sigman,205 N.Y. Supp. 807; Saulsbery *Page 79 
v. Coopers' International Union, 147 Ky. 170; Union PacificRailroad Co. v. Ruef, 120 Fed. Rep. 114. Organized labor has the same right to chose its employers as employers have to select their labor, and so long as they confine their activities to advancing their own welfare, whatever the ramifications may be, the other has no cause for complaint, and when these activities, lawfully carried on, conflict, and, as sometimes happens, labor, because of its ascendancy, is powerful enough to dictate terms within the scope indicated, judicial interference is unjustified. If, however, the purpose of a strike is, and as the complainant contends it is here, to compel an employer to run his shop against his will, and to his injury re-employ his discharged hands, for whom he has no use, then the strike is unlawful, for the union has no right to prevent employers of labor from profitably prosecuting their businesses. Folsom Engraving Co.
v. McNeil, 235 Mass. 269; Roraback v. Motion Picture MachineOperatives Union, 140 Minn. 481; Haverhill Strand Theatre v.Gillen, L.R.A. 1918 c. 813. The New Jersey Painting Co. Case,supra, is in line with accepted authority, that the strike weapon may be used if the object is to advance the interest of organized labor, provided the object be otherwise not unlawful. The act of 1883 (Comp. Stat. p. 3051) was there regarded as of greater force than heretofore entertained, but the case does not countenance the strike, to advance the interest of organized labor, if the purpose is to impinge upon the constitutional rights of employers, to pursue their callings unmolested. This court enjoined the strike there involved because it was sought to enforce a rule relating to the wage scale which was thought to discriminate between employers of labor upon an illusory and harmful basis, and was in unfair restraint of trade, but the court of errors and appeals was of the opinion that, although discriminatory, inasmuch as the rule operated alike on all employers similarly fixed, and as its prime object was to establish a standard of wages, it was within the province of the union to make, and a strike to enforce it was not unlawful. The act of 1883 had theretofore been regarded as relieving organized labor only *Page 80 
from liability to criminal prosecution (Jonas Glass Co. v.Glass Bottle Blowers Assn., 77 N.J. Eq. 219; Erdman v.Mitchell, 207 Pa. 79), but the court of errors and appeals declared the statute to be much broader in its scope. How much, or in what respect, was not indicated. It surely does not extend immunity for invasion of private rights, for that is beyond the power of the legislature to grant. Adair v. United States,208 U.S. 161; Coppage v. Kansas, 236 U.S. 1.
The proofs fall short of showing the unlawful purpose charged, although in the circumstances the complainant may have to re-establish its plank shop or go out of business altogether. For such misfortune the members of the union disclaim responsibility, and rightly. They were not under contract to work; they have done nothing more than refrain from working; they have not prevented the complainant from procuring other hands, and none of the usual strike tactics has been resorted to to deter others from taking their places, nor have they in any way interfered with the complainant in the carrying on of its business in its own way. In fine, their attitude has been simply one of hands off and let the complainant get along as best it may without them. This attitude is not open to judicial criticism.
Injunction denied and bill dismissed.